## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAMON P. VINCENT,                  :      Civil No. 3:26-cv-2
                                   :
          Petitioner               :      (Judge Mariani)
                                   :
     v.                            :
                                   :
UNITED STATES OF AMERICA, *et al.*,  :
                                   :
          Respondents              :

FILED
SCRANTON

JAN 0 5 2026

PER_____
          DEPUTY CLERK

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by Ramon Vincent ("Vincent"), an inmate in the custody of the Federal Bureau of Prisons ("BOP"). (Doc. 1). Preliminary review of the petition has been undertaken, and, for the reasons set forth below, the Court will dismiss the petition for lack of jurisdiction.

## I.   Background

Vincent is housed at the United States Penitentiary, Canaan, in Waymart Pennsylvania. (*See* Doc. 1). Vincent appears to be serving a sentence imposed by the United States District Court for the Eastern District of Virginia. *See United States v.*

*Vincent*, 2:22-cr-28 (E.D. Va.).  According to the BOP's inmate locator, Vincent's projected

release date is December 14, 2026.[1]

## II.     Screening of Habeas Petitions

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. §

2254, a district court must promptly review a petition and dismiss it if it is plain from the face

of the petition that the petitioner is not entitled to relief.  28 U.S.C. § 2254, Rule 4.  District

courts have the discretion to apply this rule in habeas corpus cases brought under 28

U.S.C. § 2241.  28 U.S.C. § 2254, Rule 1(b).

## III.     Discussion

Vincent's claims are not entirely clear.  He first asserts that this matter "relate[s] to an

alle[ ]ged pending indictment in the Harrisburg District Court."  (Doc. 1, at 1).  "In the event

of an indictment[,]" Vincent requests that this Court dismiss "all charges…with prejudice."

(*Id.*).  Review of this Court's docket confirms that Vincent does not yet have a federal

criminal case pending in the Middle District of Pennsylvania.

Although § 2241 has the capability of providing a jurisdictional basis for a challenge

to confinement which is alleged to be in violation of the Constitution prior to trial or a

sentence, it does not follow that the habeas statute may be used to circumvent criminal

motion practice or a direct appeal of a criminal defendant's conviction.  *See Reese v.*

---

[1]     *See* FEDERAL BUREAU OF PRISONS' INMATE LOCATOR, https://www.bop.gov/inmateloc/ (searching Inmate Number 56989-510) (last visited Jan. 2, 2026).

*Warden Philadelphia FDC*, 904 F.3d 244, 246 (3d Cir. 2018). As the Third Circuit has

explained,

> [E]ven in cases where the habeas court has the authority to grant relief, it must consider "whether this be a case in which that power ought to be exercised." [*Munaf v. Geren*, 553 U.S. 674, 693 (2008).] ...

> Courts have consistently refused to exercise their habeas authority in cases where federal prisoners have sought relief before standing trial. Instead, courts have long stressed that defendants should pursue the remedies available within the criminal action. *See, e.g., Jones v. Perkins*, 245 U.S. 390, 391 [ ] (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Riggins v. United States*, 199 U.S. 547, 551 [ ] (1905) (vacating order granting habeas relief to federal pretrial detainees because there was "nothing in this record to disclose that there were any special circumstances which justified a departure from the regular course of judicial procedure" of pretrial motions and, if necessary, appeal); *see also Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017) (adopting "the general rule that § 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial").[ ]

> Funneling requests for pretrial relief through the criminal action encourages an orderly, efficient resolution of the issues, maintains respect for the appellate process, and prevents duplication of judicial work and judge-shopping. *See United States v. Addonizio*, 442 U.S. 178, 184 n. 10 [ ] (1979) (explaining that "the writ of habeas corpus should not do service for an appeal," and that "[t]his rule must be strictly observed if orderly appellate procedure is to be maintained"[ ]); *see also Medina*, 875 F.3d at 1028-29 (identifying similar interests).

> We relied on this rationale in *Government of Virgin Islands v. Bolones*, 427 F.2d 1135 (3d Cir. 1970) (*per curiam*), to affirm the District Court's denial of pretrial habeas petitions filed by federal defendants. We rejected the defendants' challenges to their arrest and interrogation on the ground that a pretrial motion in the criminal case, "rather than their petition for writs of habeas corpus, provides the appropriate avenue of relief before trial." *Id.* at

1136. We similarly held that the defendants' claim that they had been denied a speedy trial should be resolved "on an appropriate pretrial motion." *Id.* Accordingly, insofar as [the pretrial detainee] sought to challenge the charges against him or the conduct of law-enforcement officers during arrest or interrogation, he was required to do so through pretrial motions in his criminal case, not via a pretrial § 2241 petition. *See id.*

Section 2241 is likewise not the proper vehicle for [a pretrial detainee] to challenge his detention pending trial. The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3150, provides a comprehensive scheme governing pretrial-release decisions. *See generally United States v. Salerno*, 481 U.S. 739, 742-43 [ ] (1987). First, a judicial officer will order the defendant's release or detention. *See* 18 U.S.C. § 3142. If an initial detention order is issued by a magistrate judge, the defendant can file a motion asking the District Court to revoke or amend that order. *See id.* § 3145(b). And, if the District Court denies relief, the defendant can file an appeal, which "shall be determined promptly." *Id.* § 3145(c).

*Reese*, 904 F.3d at 246-47.

Vincent infers that his federal criminal proceedings in the Middle District of Pennsylvania are still ongoing. (*See* Doc. 1). Thus, he has the opportunity to raise the claim asserted here in that proceeding, and he still has various avenues of relief available to him in his federal criminal matter. As such, his current habeas claims should be raised through the proper criminal process rather than through a premature habeas petition, and Vincent may not use § 2241 to evade standard criminal procedures. A § 2241 petition is not the appropriate vehicle to raise the current claims.

## IV.    Conclusion

Consistent with the foregoing, the Court will dismiss the § 2241 petition for writ of habeas corpus without prejudice for lack of jurisdiction.  (Doc. 1).

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: January ___, 2026